## DONALD JAMES JOHNSON *v.* STATE OF MARYLAND

[No. 331, September Term, 1969.]

*Decided May 12, 1970.*

---

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James F. Garrity* for appellant.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Charles A. Herndon, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Donald James Johnson appealed to this Court from his conviction by a jury in the Criminal Court of Baltimore of robbery with a deadly weapon. We remanded the case without affirming, reversing or modifying the judgment for the sole purpose of obtaining a determination by the lower court whether or not appellant had been represented by counsel at two previous trials in which convictions were obtained against him, the convictions having been proved by the State to impeach his credibility as a witness at the trial of the case before us. *Johnson v. State,*

9 Md. App. 166 (1970). In so doing we held that the principle of *Burgett v. Texas*, 389 U. S. 109 serves to exclude evidence of a prior conviction offered for the purpose of impeaching the credibility of an accused testifying on his own behalf when it is established that such conviction was obtained absent representation by counsel or a valid waiver thereof. We found that it is error of constitutional dimension for the court to admit into evidence a prior conviction obtained by a proceeding in which the defendant's constitutional right to counsel was infringed, but that on the particular facts of a given case the error could be harmless. In determining whether or not such error was harmless, the "beyond a reasonable doubt" test of *Chapman v. California*, 386 U. S. 18 is applicable.

In our opinion remanding the case we finally decided all other points raised by appellant, finding that none warranted reversal of the judgment, and the opinion is conclusive as to those points. Maryland Rule 1071 a.

The transcript of the proceedings at the trial showed prior convictions of appellant obtained at two prior trials. One trial resulted in a petty larceny conviction designated by the Assistant State's Attorney to have been obtained on 24 June 1964. The other trial was referred to by the Assistant State's Attorney as occurring 21 June 1956 but in referring to the crime he indicated it was committed on 2 April 1966. At that trial appellant was convicted of robbery with a deadly weapon and assault with intent to murder. At the hearing on remand it was stipulated that the petty larceny conviction was obtained in 1954 and the robbery and aggravated assault convictions in 1956. It was also stipulated that the 1956 convictions were obtained at a trial in the Criminal Court of Baltimore at which appellant was represented by counsel appointed for him. The 1954 conviction was obtained at a trial before Magistrate Samuel Gaboff presiding in the Northeastern District. The records available did not disclose whether or not appellant was then represented by counsel. Appellant testified that he was not repre-

sented by an attorney at the 1954 trial. The substance of his other testimony on the issue was that he had not intelligently waived representation. On this testimony by appellant, the burden was on the State to prove by clear and convincing evidence that his constitutional right to counsel was not infringed at the prior proceeding.[1] The State here was unable to do so. Thus evidence of the 1954 conviction was admitted in error. The question is whether we can say that the error was harmless beyond a reasonable doubt. We can. We observed in our prior opinion in this case that whether or not the error can be found to be harmless depends on the particular facts of each case. We pointed out:

> "For example, that there were a number of prior convictions properly admitted, or other evidence clearly impeaching the credibility of the defendant would be of probative value in determining whether the admission of invalid convictions was harmless. And perhaps the gravamen of the offense, the conviction of which was erroneously admitted, could be weighed

1. See *Gideon v. Wainwright*, 372 U. S. 335; *Manning v. State*, 237 Md. 349; *Wayne v. State*, 4 Md. App. 424. By Acts 1952, Ch. 18, effective 1 June 1952 a person convicted of stealing goods of another under the value of $100 was deemed guilty of a misdemeanor and subject to a fine of not more than $50 or imprisonment in the House of Correction or jail for not more than 18 months, or both fine and imprisonment. For the present law see Code, Art. 27, § 341. Under the present Maryland Rule 719 b 2 (a) and (b) an indigent accused appearing for trial in one of the Circuit Courts or the Criminal Court of Baltimore shall, unless he elects to proceed without counsel, be assigned counsel if the offense charged is one for which the maximum punishment is death or imprisonment for a period of 6 months or more or a fine of $500 or more, or both (but not where the offense charged is desertion or non-support of wife, children or destitute parents), although the court may assign counsel in any other case. This reflects a change in the Rule as it existed prior to 1963, to the extent that the prior rule designated the offense charged as one for which the maximum statutory punishment was death or confinement in the penitentiary for five years or more. This present rule apparently adopts as the cut-off point at which counsel is required to be appointed the distinction in the federal system between petty and serious offenses. Petty offenses are those punishable by not more than six months in prison and a $500 fine. 18 U.S.C. § 1. See *Duncan v. State of Louisiana*, 391 U. S. 145.

> against the gravamina of the offenses, the convictions of which were properly admitted, in determining whether the error was harmless."

Here there were properly admitted as evidence tending to impeach the credibility of appellant, convictions of robbery with a deadly weapon and assault with intent to murder. Both are felonies and carry a maximum penalty of 20 years, Code, Art. 27, § 488, and 15 years, Code, Art. 27, § 12, respectively. As we have seen, note 1 *supra*, petty larceny is a misdemeanor, and at the time af appellant's conviction the maximum penalty authorized was 18 months or a $50 fine or both. We conclude that the evidence improperly admitted, viewed in the light of the evidence properly admitted, did not prejudice appellant and that its admission was harmless beyond a reasonable doubt.

*Judgment affirmed.*