**Guy Harold PYEATT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42986.**

Court of Criminal Appeals of Texas.

Feb. 17, 1971.

Bill Alexander, Odessa, for appellant.

Roddy L. Harrison, Dist. Atty., Pecos, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from conviction for the offense of robbery by assault. The punishment was assessed by a jury at 5 years confinement in the State Department of Corrections.

The state's evidence reveals that appellant went to a service station in Monahans at approximately 4:30 A.M. on June 22, 1968; that he struck the attendant over the head with a tire tool; that the attendant ran to a nearby restaurant and called the police; that when the attendant returned to the station the cash register was gone and coins were "distributed among the driveway."

Appellant's first ground of error complains of the trial court's overruling his motion for a mistrial based upon the cross-examination by the district attorney of witness Howell. The witness was asked on direct examination about some trouble with a man in Kermit, Winkler County, Texas, and the next day being arrested in Hobbs, New Mexico. On cross-examination he was questioned about this, and the transcript of the evidence reveals that testimony as follows:

"Q. (By the District Attorney) Were the police called on that particular escapade in Kermit?

"A. I don't know. I wasn't there if they was.

"Q. Are you telling this Court and this Jury that Kermit didn't have a call out on you.

"A. No, sir, I'm not.

"Q. Did they?

"A. I don't know. I wasn't there.

"Q. Do you have any charges pending against you in Winkler County?

"A. No, sir, not now.

"Q. Not in Kermit * * * not now, but you did have?"

This was proper cross-examination as to matters where "the door was opened" on direct examination by appellant's counsel. Brown v. State, Tex.Cr.App., 457 S.W.2d 917; Rogers v. State, Tex.Cr.App., 420 S.W.2d 714; Gonzales v. State, Tex. Cr.App., 389 S.W.2d 306.

Next, appellant contends the Court erred in allowing the district attorney to refer to appellant as "a transient person driving through town." The record shows no objection to this jury argument, and nothing is presented for review. Booty v. State, Tex.Cr.App., 456 S.W.2d 64; Van Bibber v. State, Tex.Cr.App., 371 S.W.2d 880.

By his ground of error No. 3, appellant submits the trial court erred by not charging on circumstantial evidence. The service station attendant made positive identification of appellant as the one who hit him with a tire tool; and the facts being in such close juxtaposition to each other, a charge on circumstantial evidence was not necessary. Byrd v. State, Tex.Cr. App., 435 S.W.2d 508; De La O v. State, Tex.Cr.App., 373 S.W.2d 501. Furthermore, the objections to the court's charge, on this ground as well as grounds of error 4 and 5, were insufficient in that they did not comply with Article 36.14 Vernon's Ann.C.C.P. Objections to the charge must be presented to the court in writing; when only dictated to the court reporter they are insufficient to preserve error. Walker v.

State, Tex.Cr.App., 440 S.W.2d 653; Smith v. State, Tex.Cr.App., 415 S.W.2d 206.

 Lastly, appellant contends the trial court erred in allowing the state to impeach witnesses for the defense on a collateral issue. He does not specify which collateral issue he complains of, hence no proper assignment of error under Article 40.09, Sec. 9, V.A.C.C.P. is brought to this court. See McElroy v. State, Tex.Cr.App., 455 S.W.2d 223.

Finding no reversible error, the judgment is affirmed.