Aaron HEARTFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 43904.

Court of Criminal Appeals of Texas.

June 23, 1971.

Rehearing Denied Oct. 13, 1971.

John K. Coil, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of murder with malice; the punishment was assessed by a jury at 75 years.

Appellant alleges nine grounds of error, none of which challenges the sufficiency of the evidence. The first is that the court erred by excusing a juror without proper hearing.

The record reflects that the voir dire examination of prospective jurors began at 1:00 P.M., and at 1:50 P.M., one of the veniremen (No. 23 on the list) tardily appeared. This was after 32 veniremen had been questioned. The court, over objection, excused the said venireman and told him to go back to the central jury room.

Appellant's reliance upon Articles 35.0' and 35.03, Vernon's Ann.C.C.P. is misplaced. Article 35.01 provides the procedure for calling jurors and an attachment for any "absent summoned juror," at the request of either party; and Article 35.03 provides for the handling of "excuses" by the court. In the instant case, the " * * * jury (panel) had already been sworn and instructed by the court as to their duties and responsibilities." We are not faced with the question of whether the absent juror should have been held in contempt for disobeying the court's instruction to return at 1:00 P.M. We do hold that since the jury had not been impaneled, the court did not abuse its discretion by proceeding with the jury selection.[1]

Further, the record does not reveal how many peremptory challenges the appellant used and whether he exhausted the number allowed. Also, no showing is made that the jury that heard the case was not fair and impartial, nor does he make any claim that he was required to accept a juror who was objectionable to him.

Ground of error number one is overruled.

By ground of error number two, appellant contends the court erred by overruling his objection when the prosecutor asked a witness if appellant had a nick-

---

[1.] We should strive to protect the trial courts, especially with congested dockets such as Dallas County has, when they act reasonably to expedite the trials. Much can be accomplished in 50 minutes.

name. The witness answered that he called the appellant "Big Man." The evidence shows that the appellant was over six feet tall and weighed 260 pounds. Under these facts we do not agree that a jury composed of the "citizen of gentle upbringing" might infer that the appellant was a "character" or "a gangster or a gang member." No error is shown.

■ By ground of error number six, appellant contends that the court erred in overruling objections to questions involving arrests.

On direct examination, appellant testified that since 1949 he had not been in trouble with the law. This clearly opened the door for the state to impeach him as to his arrests and convictions. Pyeatt v. State, Tex.Cr.App., 462 S.W.2d 952; Orozco v. State, 164 Tex.Cr.R. 630, 301 S.W.2d 634. Also, the record does not reflect any bad faith on the part of the prosecutor. Robertson v. State, Tex.Cr.App., 463 S.W.2d 18.

Ground of error number six is overruled.

Grounds of error number five, eight and nine complain of jury argument.

■ During the argument on the guilt or innocence stage of the proceeding the prosecuting attorney stated "The range, the most, the greatest range of punishment in a murder without malice * * *" Objection was sustained and the jury was instructed to disregard. The prosecutor said, "You know, anyway, that punishment is such that is objectionable, too * * *" Again objection was sustained and the jury was instructed "not to consider any arguments that have been made about punishment." Motion for mistrial was overruled. We perceive no error. Thames v. State, Tex.Cr.App., 453 S.W.2d 495; Webb v. State, Tex.Cr.App., 439 S.W.2d 342;

Watts v. State, Tex.Cr.App., 430 S.W.2d 200.

■ During the punishment stage, the prosecutor argued: "He talked about the children thing, about the children. I have no idea and I doubt, I don't imagine any of you have any idea where the children are today or when he has seen them last. One time he says they are somewhere else. Now, he says they are living with him. We know he has been arrested for child desertion —"

Counsel for appellant objected and the prosecutor withdrew the statement and the court instructed the jury to disregard the statement and overruled a motion for mistrial. No error is shown. Hammond v. State, Tex.Cr.App., 465 S.W.2d 748; Moses v. State, Tex.Cr.App., 464 S.W.2d 116; Easley v. State, Tex.Cr.App., 454 S.W.2d 758; Wood v. State, Tex.Cr.App., 440 S.W.2d 640.

■ Finally, the prosecutor stated "You know that he has been processed in these F B I rap sheets that are cross-checked by fingerprints." Objection to this statement was overruled. We note that the appellant did not object at the earliest opportunity to this as the prosecutor had already argued that the appellant had been processed in California for marihuana. See Van Bibber v. State, Tex.Cr.App., 371 S.W.2d 880. Further, appellant testified in his own behalf and admitted to having been convicted for four felonies, therefore no reversible error is shown. Marks v. State, Tex.Cr.App., 454 S.W.2d 749.

Grounds of error five, eight and nine are overruled.

The remaining grounds of error have been reviewed and are overruled as they reflect no reversible error.

The judgment is affirmed.