**William King HOWARD, Petitioner-Appellant,**

v.

**Walter CRAVEN, Warden, Respondent-Appellee.**

**No. 26544.**

United States Court of Appeals,
Ninth Circuit.

June 15, 1971.

As Modified on Denial of Rehearing
Aug. 13, 1971.

Roger S. Hanson, Woodland Hills, Cal., for petitioner-appellant.

Evelle J. Younger, Cal. Atty. Gen., William E. James, Asst. Atty. Gen., Richard P. Hemar, Deputy Atty. Gen., Los Angeles, Cal., for respondent-appellee.

Before CHAMBERS, BROWNING, and DUNIWAY, Circuit Judges.

PER CURIAM:

Appellant raises a single issue on appeal from the denial of his petition for habeas corpus, which he states as follows:

"Is it harmless error under Chapman v. California (1967), 386 U.S. 18, 24 [87 S.Ct. 824, 17 L.Ed.2d 705] when two prior felonies are used to impeach petitioner at his felony trial,

---

one of said prior felonies being infirm under Gideon v. Wainwright (1963), 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799] and the other being not so infirm, and where the prosecutor asserts to the jury that because the petitioner has been *twice* convicted of a felony his under-oath testimony is to be equated to Grimm's Fairy Tales?"

Use of a prior conviction obtained without counsel to support guilt or enhance punishment is constitutional error under Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), held retroactive in Tucker v. United States, 431 F.2d 1292 (9th Cir. 1970). We are unable to say that in this case, where the principal issue of the trial was the credibility of the appellant's story as compared to that of the complainant, the error was harmless beyond a reasonable doubt.

We reject the suggestion that Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), is applicable here. One obvious difference between Harris v. New York and this case, *Burgett,* and *Tucker* is that the danger of unreliability of a defendant's statements is not necessarily great merely because *Miranda* has been violated, *see* Johnson v. New Jersey, 384 U.S. 719, 730, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), but there is a clear danger of convicting the innocent when the accused is denied the assistance of counsel at trial. Tehan v. United States ex rel. Shott, 382 U.S. 406, 416, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966).

A second difference is that in *Harris* the illegal evidence was admitted to rebut a specific false statement made by defendant while testifying (a use sanctioned by Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954), to discourage perjury); here it was offered only for its general tendency to discredit appellant's character. This difference also distinguishes United States ex rel. Walker v. Follette, 443 F.2d 167 (2d Cir. 1971), in which proof of prior convictions obtained without the assistance of counsel was held to be admissible to rebut defendant's false testi-

mony that he had never been convicted of a crime.

Reversed with instructions to grant the writ unless the State retries appellant within a reasonable time, as determined by the district court.

CHAMBERS, Circuit Judge (dissenting):

To me, the implications of Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (2/24/71), indicate affirmance here. See also, Walker v. Follette, 2 Cir., 443 F.2d 167. Therefore, I dissent.