**Willowdean Carolyn WOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44633.**

Court of Criminal Appeals of Texas.

April 5, 1972.

**514**

Glenn Hasuenfluck, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., John Garrett Hill, Asst. Dist. Atty., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is taken from a conviction for the offense of forgery. Punishment was assessed by the jury at five years confinement. (See also Wood v. State, Tex.Cr. App., 440 S.W.2d 640)

Three grounds of error are brought forth. In view of our disposition of the case, only one will be discussed.

By her second ground of error, appellant contends that prejudicial error was committed when the trial court allowed the state to impeach her as a witness with prior convictions which she claims are void. We agree that error was committed and that such error requires reversal.

After the state rested its case in chief at the guilt-innocence stage of the trial, and prior to appellant taking the stand in her own behalf, she requested the court to instruct the state not to refer to or allude to a 1958 Alabama felony conviction and a 1961 Louisiana felony conviction, since she had not been represented by counsel on either occasion and had been indigent.[1] After appellant testified out of the presence of the jury regarding these two convictions, the court overruled the motion in limine. She then took the stand in her own behalf and was cross-examined concerning the Louisiana and Alabama convictions. No records of these convictions were introduced.[2]

---

1. She claimed that she was denied counsel on appeal from the 1958 conviction (however, compare Wood v. State, Tex. Cr.App., 440 S.W.2d 640) and that she was denied counsel at her trial in the 1961 conviction.

2. The state does not dispute appellant's contentions that she was denied counsel. In any event, since the presence of counsel cannot be presumed from a silent record under the holding in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19

The right of an accused to counsel is a fundamental right which is essential to a fair trial. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). A conviction which is void under the holding in Gideon cannot be used for the purpose of enhancing punishment. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

The rationale behind these decisions is that:

"The basic purpose of a trial is the determination of truth, and it is self-evident that to deny a lawyer's help through the technical intricacies of a criminal trial or to deny a full opportunity to appeal a conviction because the accused is poor is to impede that purpose and to infect the proceeding with the clear danger of convicting the innocent . . . " Tehan v. United States ex rel. Shott, 382 U.S. 406, at 416, 86 S.Ct. 459, at 465, 15 L.Ed.2d 453, at 460 (1966).

A defendant who takes the stand to testify in his own behalf may be cross-examined and impeached in the same manner as other witnesses. However, to be used for impeachment, a prior conviction must be for a felony or a misdemeanor involving moral turpitude, must be final, and must have occurred at a time sufficiently recent to have some bearing on the present credibility of the witness. E. g., Webber v. State, Tex.Cr.App., 472 S.W.2d 136; Bustillos v. State, Tex.Cr.App., 464 S.W.2d 118, 119.

A conviction which is invalid under Gideon standards, because an accused was denied the aid of counsel, is so inherently defective that it has little bearing on the present credibility of a witness.

Since the credibility of an accused is material to the determination of guilt or innocence, we can find no logical distinction between the use of such conviction to impeach and its use to prove guilt or enhance punishment. Loper v. Beto, 405 U.S. —, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972); Tucker v. United States, 431 F.2d 1292 (9th Cir. 1970), affirmed, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Gilday v. Scafati, 428 F.2d 1027 (1st Cir. 1970), cert. denied, 400 U.S. 926, 91 S.Ct. 188, 27 L.Ed. 2d 186 (1970); Simmons v. State, Tex.Cr. App., 456 S.W.2d 66 (Onion, J., dissenting). Moreover, the original denial of the constitutional right to counsel is compounded whether the invalid conviction is used to impeach the accused or to enhance his punishment;[3] and the accused's right to testify is seriously impaired "if the price of testifying is the potential admission of invalid and possibly unreliable convictions which could not otherwise be admitted." Gilday v. Scafati, supra, 428 F.2d at 1029.[4] We therefore hold that Burgett prohibits the use of convictions obtained in violation of Gideon to impeach the credibility of the accused. Loper v. Beto, supra; Subilosky v. Moore, 443 F.2d 334 (1st Cir. 1971); Tucker v. United States, supra; Gilday v. Scafati, supra; Spaulding v. State, 481 P.2d 389 (Alaska 1971); Subilosky v. Commonwealth, 265 N.E.2d 80 (Mass.1970); Johnson v. Maryland, 9 Md.App. 166, 263 A.2d 232 (1970), aff'd, 9 Md.App. 436, 265 A.2d 281 (1970); People v. Coffey, 67 Cal.2d 204, 60 Cal.Rptr. 457, 430 P.2d 15 (1967). To the extent that Simmons v. State, supra, stands for the contrary proposition, that opinion is overruled.

Having stated the general rule does not necessarily dispose of the issue presented in the instant case. We must determine whether this rule requires reversal.

L.Ed.2d 319 (1967), it would be incumbent upon the state to introduce the records if they were contending the contrary.

3. This compounding of the original denial of constitutional rights was one of the

reasons underlying the decision in *Burgett.*

4. See also, Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

We are not confronted with a situation whether the invalid conviction should be admitted as an historical fact to impeach the accused's prior testimony. See, United States ex rel. Walker v. Follette, 443 F.2d 167 (2d Cir. 1971); Simmons v. State, supra (Morrison, J., concurring).[5] In the instant case appellant admitted the historical fact of the convictions but asked that they not be used against her because she had been denied counsel.

Nor do we find that the holding of the United States Supreme Court in Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), is applicable. The court in *Harris* upheld the use of a confession which did not meet the requirements of Miranda v. Arizona[6] to rebut a specific false statement made by the accused during his direct testimony.[7] Here the invalid prior conviction was offered solely "for its general tendency to discredit appellant's character." Howard v. Craven, 446 F.2d 586, 587 (9th Cir. 1971).

Moreover, the reliability of the evidence is a distinguishing factor between the situation in *Harris* and that in the instant case. The court in *Harris* found that the exclusionary rule sufficiently effectuates the public policy behind that rule when it applies to the prosecution's case in chief, since the evidence itself is not inherently

unreliable. See, Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Here the evidence of prior conviction is inherently unreliable because of the danger that an innocent man who is without counsel might be wrongfully convicted. Tehan v. United States, supra. Compare Harris v. New York, supra, with Alesi v. Craven, 440 F.2d 975 (9th Cir. 1971). See also, Mackey v. United States, 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971).

■ Finally, we reject the state's contention that said impeachment constitutes harmless error. The state utilized the prior convictions in its argument on guilt or innocence and in its argument on punishment. Further, the jury requested the records of the appellant's testimony, particularly that part dealing with her prior convictions; and this request was honored. Therefore, under the record before us, we cannot say that the error was harmless.

The judgment is reversed and the cause remanded.

DOUGLAS, Judge (dissenting).

Before placing the appellant on the stand, counsel made a motion for the trial court to prevent cross-examination concerning prior convictions because she contended that she did not have counsel when she was tried.

---

5. In *Follette*, the accused took the stand on direct and stated that he had never previously been convicted of a felony. In *Simmons*, the accused filed a written motion for probation in which he swore that he had never been convicted of a felony.

6. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

7. In Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954), the court stated that: "It is one thing to say that the Government cannot make an affirmative use of evidence unlawfully obtained. It is quite another to say that the defendant can turn the illegal method by which evidence in the Government's possession was obtained to his own advantage, and provide himself with a shield against the contradiction of his

untruth." It should be noted that, once the defendant "opens the door" through his own statements, he should be aware that the horses are going to get loose. See e. g., United States v. Keilly, 445 F.2d 1285 (2d Cir. 1971); United States v. Bray, 445 F.2d 178 (5th Cir. 1971); United States v. Maddox, 444 F.2d 148 (2d Cir. 1971); United States v. Milano, 443 F.2d 1022 (10th Cir. 1971); Cannito v. Sigler, 321 F.Supp. 798 (D.Neb. 1971); Durham v. Cox, 328 F.Supp. 1157 (D.Va.1971); Heartfield v. State, Tex.Cr.App., 470 S.W.2d 895; Pyeatt v. State, Tex.Cr.App., 462 S.W.2d 952. However, the state may not "set up" the situation for impeachment through cross-examination. Compare, Walder v. United States, supra, with Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925).

In support of the motion, she testified before the court that a lawyer was appointed for her in the Alabama case and she "took him" rather than defend herself. She then entered a plea of guilty. She also testified that she gave notice of appeal but did not have sufficient funds to hire a lawyer and she "dropped" the appeal and went to prison.

The question concerning these convictions will be considered.

In the present case, she testified that she had counsel during the trial in Alabama where she was convicted. She now attempts to attack the adequacy of her attorney. There is nothing in the record other than her testimony concerning adequacy of counsel. The court did not have to believe her testimony or take her opinion on adequacy of counsel. In a case against this appellant we overruled a similar contention concerning the Alabama conviction against her. See Wood v. State, Tex.Cr.App., 440 S.W.2d 640.

The trial court did not err in overruling her objection to this conviction.

She testified during the hearing outside the presence of the jury concerning the Louisiana conviction that she did not have counsel. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, is distinguishable because there the sentences showed that Burgett did not have counsel in the cases when he had been previously convicted. The State in that case attempted (without success) to show waiver of counsel.

The appellant was also impeached by the prior conviction for passing as true a forged instrument in Dallas County. She testified that she was convicted there under the name of Willodean Carolyn Wood. See Wood v. State, supra.

In addition to the prior convictions, the State also introduced a forged check in the sum of $40.00 which was passed to another Buddie's in Fort Worth on June 25, 1967, along with appellant's photograph which was taken at the time of that offense. The

address on this check was 3740 Stadium Drive (the same as the address of the purported maker of the check upon which the prosecution in the present case is based). There was no such address in Fort Worth. She was identified by an eyewitness as the person passing the check. The purported maker was Mary Ellen Sanders.

Another check dated March 12, 1967, in the sum of $40.00, payable to Buddie's, was introduced. This check was purportedly signed by Doris Harper. Appellant's photograph taken at the time this check was passed at another Buddie's was also introduced. She was identified by an eyewitness as the person passing this forged check.

In the present case what more evidence could be offered to show her guilt? There was eyewitness testimony that the appellant passed the check in question. A photograph of her and the check at the time it was passed was introduced. The jury had the opportunity to observe her and the photographs and to see and hear the witnesses.

Was the failure on the part of the State to show that she had counsel at a previous trial reversible error? Arguments have been made that where a constitutional right has been violated, any error cannot be harmless. In Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, a comment was made that Chapman did not testify. This was a violation of the Fifth Amendment to the United States Constitution. The Supreme Court of the United States in an opinion by Justice William O. Douglas held such a comment to be harmless error.

In Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, a confession of a non-testifying defendant was introduced against the accused who was not confronted with the witness. The constitutional right of confrontation was violated. Again the Supreme Court in an opinion by Mr. Justice Douglas held this constitutional error to be harmless.

In Loper v. Beto, 440 F.2d 934 (5th Cir. 1971), the Fifth Circuit Court of Appeals

held in an appeal from the denial of relief in a habeas corpus proceeding that where there was a possibility of lack of counsel in a prior conviction which was used for impeachment purposes that reversible error was not shown.

There the Court noted, "Except for the assertions of Loper, the record fails to furnish any conclusive information as to the facts and circumstances surrounding his former convictions."

In the present case the appellant admitted two prior felony convictions, one for forgery and one for "false pretenses." She denied that she was present when the three forged checks were passed in Fort Worth even though her photograph was taken at each store at the time and was identified by eyewitnesses. There has been no showing but only her assertion that she did not have counsel at the Louisiana conviction.

In Loper v. Beto, supra, the Court quoted from Chapman v. California, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705:

"We conclude that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring automatic reversal of the conviction."

That Court also cited Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213.

The State should have introduced the records in the Louisiana conviction (at least before the judge). The questions of the prosecutor indicated that the judgment recited that she had counsel. Assuming that error is shown, I would hold it harmless and would affirm the conviction.

Since this opinion was prepared, the Supreme Court of the United States reversed Loper v. Beto, 405 U.S. ——, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972).

In reviewing the Fifth Circuit opinion, four of the Justices held no error. Four Justices in the plurality opinion held reversible error was committed. Mr. Justice White, who concurred in the reversal, noted:

" . . . There remain issues, unresolved by the Court of Appeals, as to whether the challenged prior convictions were legally infirm: was Loper represented by counsel at the time of the earlier convictions; if not, did he waive counsel?"

and that these matters are best addressed in the first instance by the Court of Appeals and, " . . . *I do not understand our prior decisions to hold that there is no room in cases such as this for a finding of harmless error*; and if this case is ultimately to turn on whether there was harmless error or not, I would prefer to have the initial judgment of the lower court." (Emphasis supplied)

It appears that the four Justices holding no error plus Mr. Justice White holding that there could be harmless error does not require a reversal of the present case.

I would still hold that if error was committed, it was harmless.

ROBERTS, J., joins in this dissent.