Danny LUCAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44922.

Court of Criminal Appeals of Texas.

May 3, 1972.

Donald Eastland, of Eastland & Fry, Inc., Hillsboro, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

3. We are not giving probative value to impeachment testimony.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of assault with intent to rape. The punishment was assessed at 12 years.

Appellant's sole ground of error complains that the trial court erred in allowing the District Attorney to testify that appellant had not passed a lie detector test.

Prior to the complained of testimony by the District Attorney, appellant testifying in his own behalf stated that he had made an agreement with the District Attorney to take a polygraph test and that the District Attorney had agreed that if appellant passed the polygraph test, the case against appellant would be dismissed. On cross-examination the appellant testified to the same effect. Then, on re-direct examination the appellant introduced a motion filed by the District Attorney for a bond reduction. The motion stated, in part,—"Danny Lucas voluntarily agreed to take a polygraph examination (lie detector test) and on January 30, 1969, the District Attorney took Danny Lucas to Waco where this test was performed. While the results were inconclusive in proving that Danny Lucas was completely innocent, they did indicate that he was not the person who assaulted the injured party in the suit."

Further, on re-direct examination, the appellant testified that he took a lie detector test and that the results of the test showed that he was not guilty of the offense charged; that the District Attorney had told him that the lie detector test indicated that he was not the person who assaulted the prosecutrix. Also, he stated that after the lie detector test the District Attorney indicated to him that the District Attorney did not believe appellant to be guilty of this crime.

Thereafter, the District Attorney took the witness stand and testified, among other things, that appellant did not pass the polygraph test.

Although the results from a polygraph test are ordinarily not admissible in evidence [1] we conclude that under the particular facts of this case the appellant "opened the door" for the state to introduce the complained of testimony. See generally, Wood v. State, 478 S.W.2d 513 at Fn. 7 (1972); Heartfield v. State, Tex. Cr.App., 470 S.W.2d 895; Pyeatt v. State, Tex.Cr.App., 462 S.W.2d 952. Further, Article 38.24, Vernon's Ann.C.C.P., provides that:

"When part of an act, declaration, or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

There being no reversible error, the judgment is affirmed.

1. e. g. Lee v. State, Tex.Cr.App., 455 S.W.2d 316; Hart v. State, Tex.Cr.App., 447 S.W.2d 944; Watkins v. State, Tex. Cr.App., 438 S.W.2d 819; Wall v. State, Tex.Cr.App., 417 S.W.2d 59; Placker v. State, 171 Tex.Cr.R. 406, 350 S.W.2d 546; Davis v. State, 165 Tex.Cr.R. 456, 308 S.W.2d 880. See also, Hannon v. State, Tex.Cr.App., 475 S.W.2d 800.