**Johnny Logan HICKS**

**v.**

**The STATE of Texas.**

**No. 2–85–277–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 31, 1986.

Lee Ann Dauphinot, Fort Worth, for appellant.

Tim Curry, C. Chris Marshall, David L. Richards, Paul Dickson and Charles Brandberg, Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

## OPINION

FENDER, Chief Justice.

Appellant was convicted by a jury of aggravated robbery. Following proof of a single recidivist count the jury assessed thirty-three years. Appeal is now taken urging four reasons for reversal:

1. Failure to grant a speedy trial.
2. Indiscreet limitation of *voir dire* on the burden of proof.
3. Indiscreet dismissal of a late-arriving venireperson.
4. Erroneous *voir dire* concerning punishment for recidivists.

We affirm.

Absent a challenge to evidentiary sufficiency, only such facts as are required for each claimed error will be set forth.

Appellant was arrested April 22, 1984. He was indicted May 24, 1984 and the State filed a written announcement of ready May 30, 1984. Appellant was re-indicted June 14, 1984, for the same principal offense but with different recidivist counts and the State announced readiness in writing on June 20, 1984. Appellant was again re-indicted March 7, 1985, with changes only in the recidivist counts and the State filed its written motion of ready March 13, 1985. From November 16, 1984, until the date of pretrial hearings, October 16, 1985, appellant filed some *pro se* motions to dismiss for failure to grant a speedy trial. On October 17, 1985, following a hearing, these motions were overruled.

At the hearing the complaining witness testified she attended a lineup the day after the robbery, talked to a prosecutor and his investigator at a trial setting six months later and that she had been available as a witness all that time and up to the actual trial setting. The investigator said he had proper telephone numbers and addresses for the State's witnesses and that he could contact them when needed. No proof was offered delineating any harm to appellant for any delay. Nor was anything brought out to charge the prosecutor with the delay; only normal docket pressures held up the trial.

The State made a *prima facie* case of readiness by filing its written announcements. *Crawford v. State,* 703 S.W.2d 655, 660 (Tex.Crim.App.1986); *Barfield v. State,* 586 S.W.2d 538, 542 (Tex.Crim.App. 1979). Appellant failed to discharge his burden of proof to rebut such *prima facie* case. In his brief, appellant urges deprivation of rights under article I, section 10, Texas Constitution, and the V, VI and XIV amendments of the Constitution of the United States. No authorities are cited for these claims and no effort is made to point out which portions of the record support any such claims. We, therefore, need not consider them. *See Brooks v. State,* 642 S.W.2d 791 (Tex.Crim.App.1982). Point of error number one is overruled.

Appellant next complains that his *voir dire* of the jury panel was unduly restricted when defense counsel was not permitted to ask prospective jurors, "[W]ould [anybody] convict a person ... because you thought ... it was more likely that they were guilty than not? ... [W]ould [anyone] convict a person ... just because you thought they were probably guilty?" Following the State's objection the court instructed defense counsel to combine such question with the statutory burden of "beyond a reasonable doubt" but prohibited asking such question in the abstract. Appellant urges that he needed the answers he sought in order to intelligently exercise his peremptory challenges.

█ This court recognizes the holdings of the Court of Criminal Appeals that counsel for defendants are entitled to ask *proper* questions during *voir dire* to support peremptory challenges. *See Smith v. State,* 703 S.W.2d 641 (Tex.Crim.App.1985) and cases cited therein. We do not, however, find the line of inquiry in the instant cause to be *proper.* It seems obvious that a person could be "probably" guilty without being guilty "beyond a reasonable doubt." But a person guilty "beyond a reasonable doubt" must perforce be "probably" guilty. Thus the questions phrased on "probably" might well be confusing to a prospective juror.

It should be noted that counsel asked his question concerning "probably" *vis a vis* "beyond a reasonable doubt" to venirepersons in the first row and no objection was levelled by the prosecutor. When the second row was asked only the "probable" question, objection was laid and the court issued its limiting instruction (requiring comparison) but did not bar further questions on the subject.

Appellant relies on *Mathis v. State,* 576 S.W.2d 835 (Tex.Crim.App.1979) to support his contention. In *Mathis,* defense counsel sought answers as to venirepersons' *feelings* concerning the range of punishment in a murder case. Each question to which the court sustained an objection was directly based upon the anticipated court's charge on the law as to punishment. The error in *Mathis* lay in the refusal of the trial court to permit inquiry as to "feelings" associated with such law. Such is not the case before us. We find it quite within the trial court's discretion to restrict *voir dire* to germane matters and overrule the second point of error.

As a third ground of infirmity appellant charges error to the court in excusing a prospective juror (one Williams). It appears that a venire was called on Monday of trial week but for reasons not fully explicated in the record the panel was not called into the courtroom and sworn in as a group until Thursday afternoon at 4:07 p.m. Although Williams had been present earlier in the week he was not there on Thursday. The court noted his absence, swore in the venire, gave them general instructions and dismissed them at 4:44 p.m. to return the next day at 9:00 a.m.

Appellant requested that an attachment issue for Williams to be brought in by the sheriff at 9:00 a.m. Friday to rejoin the venire. By 9:25 on Friday Williams was not present and the bailiff reported he could not be found at the address shown on his juror card. The court then proceeded without Williams. Shortly before noon Williams was brought into the courtroom, qualified by the judge, and sworn in. On request of defense counsel Williams was

told to return with the remainder of the panel following lunch.

When trial resumed the prosecutor objected to the inclusion of Williams on the ground that such would delay the trial because Williams had missed the general instructions from the afternoon before, the court's *voir dire* and the State's *voir dire* of that morning. Appellant objected, pointing out that Williams was one of only four prospective jurors of the same race as appellant. The State's challenge was sustained and Williams was excused.

In *Heartfield v. State*, 470 S.W.2d 895 (Tex.Crim.App.1971) a venireman appeared some fifty minutes late. He was excused over objection. The Court of Criminal Appeals noted that Heartfield did not show that his jury was other than fair and impartial nor did he show that he was forced to take a juror objectionable to him. The conviction in *Heartfield* was affirmed.

 In the instant cause the jury selection process had gone on well in excess of two hours, a large portion of which was general instructions and general questions of the panel. The judge did not abuse his discretion in determining that a repetition of such procedure for the benefit of one venireperson would be an unreasonable delay in the trial. Further, appellant has not shown or attempted to show that his jury was not fair and impartial nor that he was forced to accept a juror objectionable to him. Point of error number three is overruled.

In the fourth point of error, appellant complains of the court's action in permitting the State to outline the range of punishment for recidivists and to then *voir dire* the panel as to the increased punishment. The record reflects that the prosecutor did so without in any way informing the jury that appellant was charged as a recidivist. We faced this question in *Daugherty v. State*, 652 S.W.2d 569 (Tex. App.—Fort Worth 1983, pet. ref'd) and ruled adversely to Mr. Daugherty. We adhere to that opinion and overrule point of error number four.

The judgment of the trial court is affirmed.