**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Clifton Bert CRAFT, Defendant-Appellant.**

**No. 24633.**

United States Court of Appeals, Ninth Circuit.

Feb. 12, 1970.

**694**

---

Michael Walsh (argued), Federal Defenders, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before BARNES, HAMLIN and WRIGHT, Circuit Judges.

HAMLIN, Circuit Judge:

Clifton Bert Craft, appellant herein, and three others, Wolfe, Orman, and Horn, were indicted on November 22, 1966, in the United States District Court for the Southern District of California. Count 1 charged Wolfe and Orman with smuggling six pounds of mari-

huana into this country, aided and abetted by Craft and Horn; Count 2 charged the four defendants with concealing six pounds of marihuana with intent to defraud; and Count 3 charged the four defendants with smuggling three switchblade knives into this country. After severance was granted as to Wolfe and Orman, Craft and Horn had a joint trial by jury on May 18, 1967, with United States District Judge McNichols presiding. The jury found appellant Craft guilty on all three counts, and he received a 5-year concurrent sentence on each count. Craft filed an appeal in this court, which court affirmed his conviction in an opinion dated October 31, 1968 (403 F.2d 360).

On February 6, 1969, appellant filed in the district court a motion for a new trial on the grounds of newly discovered evidence, a previous motion apparently based on the same ground made during the pendency of the appeal having been denied on January 3, 1968. See Rule 33. On February 24, 1969, a hearing on the motion was had before Judge McNichols, the same judge who had presided at appellant's trial. At the hearing a partial transcript of the testimony of Wolfe given at appellant's trial was introduced. The transcript showed that Wolfe was asked whether or not he had any knowledge of the presence of marihuana or switchblades in the car at the time he drove the car across the border. He replied in response to these questions that he did not have such knowledge. It was also shown at this hearing that on July 5, 1967, Wolfe had changed his plea as to Count 3 of the indictment from not guilty to guilty, and that the other two counts were then dismissed by the court[1]. Judge McNichols, after hearing this evidence, denied the motion for a new trial, and on April 15, 1969, declined to reconsider his February denial

---

[1]. In accepting Wolfe's change of plea to guilty as to Count 3 in the indictment, the importation of three switchblades in violation of 18 U.S.C. § 545, Judge Carter stated "It's apparently a minor of-

fense that you pleaded to. However, you were indicted in Count 2 on the smuggling of marijuana, so I take it this is a compromise plea. Enter the guilty plea."

in an order set out in the margin.[2] An appeal was taken to this court, which has jurisdiction under 28 U.S.C. § 1291.

Appellant Craft's contention is that his conviction must be set aside because of the alleged untruthful testimony of Wolfe at appellant's trial wherein Wolfe denied knowledge of the presence of switchblades in the car. We do not agree.

The detailed facts of the activities of appellant Craft and Wolfe are set out in Craft v. United States, 403 F.2d 360 (9th Cir. 1968), and will not be repeated here. Suffice it to say our examination of the record reveals that the specific testimony of Wolfe concerning his lack of knowledge of the presence of the marihuana or the switchblades in the car applies only to Wolfe's knowledge and not to any knowledge that Craft may have had.

A motion for a new trial based upon newly discovered evidence is addressed to the sound discretion of the trial judge, and a refusal to grant a new trial on this ground must be upheld unless the trial judge abused his discretion. Lindsey v. United States, 368 F.2d 633 (9th Cir. 1966), cert. denied 386 U.S. 1025, 87 S.Ct. 1383, 18 L.Ed.2d 465 (1967); Evalt v. United States, 382 F.2d 424 (9th Cir. 1967). Certain criteria have been laid down to warrant the granting of a new trial upon the ground of newly discovered evidence. These include (1) the evidence relied upon must not be merely incriminating or impeaching, (2) the evidence must be material to the issues involved in the previous trial, and (3) the evidence must be such

that a new trial will probably produce an acquittal. See Beyda v. United States, 324 F.2d 526 (9th Cir. 1963); Pitts v. United States, 263 F.2d 808 (9th Cir. 1959). None of these three criteria is present in this case. The evidence complained of is merely impeaching, it is not material to the issues involved in the trial of Craft, and it is not such that a new trial will probably result in an acquittal.[3]

Affirmed.

2. "The Court now has a copy of the reporter's transcript of proceedings wherein one of the government witnesses in the defendant's trial entered a plea of guilty to one of the counts in the indictment of which the defendant was also found guilty. It is evident this is a bargain-arranged plea as far as the plea of the co-defendant is concerned and nothing is changed. No hearing on this Motion is required, and the same is without merit.

"IT IS THEREFORE ORDERED that the Motion of the defendant, Clifton

Bert Craft, seeking reconsideration of the Order of February 24, 1969, is denied."

3. Appellant contends that this case is controlled by Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), Mesarosh v. United States, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956), and similar decisions. In the circumstances of this case, we do not agree. See Shotwell Mfg. Co. v. United States, 371 U.S. 341, 357, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963).