Joseph **SUBILOSKY**, Petitioner, Appellant,

v.

Robert J. **MOORE**, As he is Superintendent of Massachusetts Correctional Institution, Walpole, Massachusetts, Respondent, Appellee.

No. 71–1053.

United States Court of Appeals, First Circuit.

Heard May 4, 1971.

Decided June 2, 1971.

Richard W. Renehan, Boston, Mass., with whom Peter H. Burling and Hill & Barlow, Boston, Mass., were on brief, for appellant.

Ruth I. Abrams, Asst. Atty. Gen., Chief, Appellate Section, with whom

Robert H. Quinn, Atty. Gen., John J. Irwin, Jr., Asst. Atty. Gen., Chief, Criminal Division, William T. Buckley, Dist. Atty., Middle District, and Manuel Morse, Asst. Dist. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is a petition for habeas corpus. Petitioner, hereafter defendant, was convicted in the state court, following jury verdicts, of murder and armed robbery of a bank. His conviction was affirmed on appeal. Commonwealth v. Subilosky, 1967, 352 Mass. 153, 224 N.E.2d 197. He has since exhausted his state remedies on his present claim, which is based on the fact that he was impeached by the use of prior convictions at which he had not been represented by, nor had waived, counsel. The Massachusetts court, in a post conviction proceeding, found the error was not prejudicial. Subilosky v. Commonwealth, 1970 Mass. A.S. 1541, 265 N.E.2d 80. The district court thereafter agreed, and he appeals.

The facts are these. The defendant had been indicted with three others, who thereafter pled guilty. Defendant stood trial and took the stand, denying his presence at the scene. In order to explain why, if he was innocent, he "took a freight out" to Kansas City, he testified that he owned the magnum pistol that had been used in the robbery, and had previously loaned it to one of the defendants who had been promptly arrested. In view of his past record he feared he would be a natural suspect.[1] Defendant's claim advanced in this court that the evidence was offered because the Commonwealth had introduced the subject by putting on a witness who said he had known defendant in jail is meritless. Aside from the fact that this testimony was struck, it was covered by the recent convictions at which defendant had been represented by counsel. By no stretch did the Commonwealth's case open anything further.

On cross-examination of the defendant the Commonwealth introduced the following convictions:

1. Prison escape (1937).

2. Robbery while armed with intent to kill or maim (1940).

3. Assault with intent to rob (1940).

4. Assault with intent to murder while armed (1940).

5. Armed robbery (1958).

6. Unlawfully carrying on his person a pistol (1958).

Sometime after the trial the Court decided Burgett v. Texas, 1967, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, holding inadmissible to enhance guilt convictions obtained when the defendant was unrepresented. Defendant alleges that his first four convictions were improperly admitted in the light of that case. Admittedly, he had counsel at the others.

We have held both that Burgett applies to the use of uncounseled convictions "to impeach credibility" and that it is retroactive. Gilday v. Scafati, 1 Cir., 1970, 428 F.2d 1027, cert. denied 400 U.S. 926, 91 S.Ct. 188, 27 L.Ed.2d 186. Moreover, the question left open in Gilday, 428 F.2d at 1029 n. 1, whether a defendant, after Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799, and pre-Burgett, waives his rights by not objecting to the use of such convictions to impeach credibility, is removed from this case, for defense counsel made sufficient objection to forestall any finding of waiver by inaction. While he may not have spoken with full clarity, he did refer to Escobedo v. Illinois, 1964, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977, a decision at

---

1. The Massachusetts court summarized his testimony as follows.
"In 1966, he was forty-five years old. In his early years he was 'in a great deal of difficulty with the police' and 'as a result' spent 'a substantial amount of time in State prison.' Elsewhere, he testified, 'I've lived in prison all my life. I was born out of a wall of a prison.'" 1970 Mass.A.S. at 1545, 265 N.E.2d at 84.

least related to the claim he sought to raise.

Had defendant·himself introduced all of the convictions as part of his case in chief, particularly when the introduction was not merely in anticipation, to dull the effect of the Commonwealth's inevitable offer on cross-examination for the purpose of impeachment, but as substantive proof to aid his defense, we would not afford him another trial without their use. Here, while the defendant did not introduce the convictions themselves, he did establish himself as being a habitual criminal. In addition, the Commonwealth properly introduced, for the purposes of impeachment, the 1958 convictions for armed robbery and unlawfully carrying a pistol on his person. The question accordingly comes whether the improper admission of the Commonwealth's additional impeachment evidence was, in this context, non-prejudicial under the rule of Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, and Harrington v. California, 1969, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284. Obviously, a 45-year old defendant could not be in prison "all my life" without having been convicted of a number of serious felonies. We do not consider as significant the difference between the two convictions properly admitted, plus defendant's own testimony, n. 1, ante, and the detail added by the four earlier convictions.

Defendant's argument, although forcefully made, that the admission of the uncounseled convictions cannot be harmless because the evidence against him was questionable and the case close, is not supportable. Four robbers were placed in the bank. Four hats, and four pairs of gloves were found in or near the smashed-up get-away car. The defendant was traced to the environs of the smash-up. He was positively identified as being in the bank and doing the shooting. The fact that some witnesses saw only three robbers in the get-away car, and that an additional witness against the defendant had a possible interest in not telling the truth, does not mean that the Commonwealth does not have an impressive case. We do not feel on the record as a whole that there has been any miscarriage of justice, of a constitutional nature or otherwise. In the light of the relative insignificance of the admission of the defendant's uncounseled convictions and the persuasiveness of the other evidence offered by the Commonwealth, we conclude that the trial court's error was harmless beyond a reasonable doubt.

Affirmed.