**William Maynard SAWYER, Petitioner,**

v.

**Garrell S. MULLANEY, Warden, Maine State Prison, and the State of Maine, Respondents.**

No. Misc. 74–8087.

United States Court of Appeals, First Circuit.

Submitted Nov. 29, 1974.

Decided Feb. 21, 1975.

William Maynard Sawyer, pro se, on application and memorandum in support thereof.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Petitioner, a prisoner at the Maine State Prison, filed a petition for a writ of habeas corpus. The district court dismissed the petition and denied a certificate of probable cause. The case is now before us for a determination on wheth-

er a certificate should issue and counsel should be appointed.

Petitioner was convicted of breaking, entering and larceny in the nighttime on the uncorroborated testimony of one Doughty, who claimed to have committed the theft along with the petitioner. Petitioner's claim is that he was denied due process of law and his Sixth Amendment right to present two witnesses at a hearing on his motion for a new trial.

Doughty has on two occasions, contrary to his testimony at trial, stated that petitioner was not involved at all in the crime. The first occasion was prior to trial, and on the stand Doughty admitted that he had gone to petitioner's attorney's office and renounced his accusation of petitioner. At trial, Doughty attributed his recantation to fear of petitioner and the effects of beer which he had consumed. About a year and a half after the trial, Doughty went to the Penobscot County Sheriff's office and, under questioning by petitioner's attorney (not the same one before whom the other statement was made) and in the presence of witnesses, made a sworn statement that petitioner was not involved in the crime and had been implicated only because of a grudge.

This statement formed the basis for a motion for retrial on the basis of newly discovered evidence. A hearing was held before a Superior Court Justice, and the motion was denied. Doughty testified at the hearing and, although he admitted making the statement, once again asserted the truth of the story he had told at trial. He said the statement exonerating petitioner had been made only because of threats and the fact that he had been drinking heavily.* Petitioner's counsel offered to produce two deputy sheriffs to testify that Doughty was not drunk at the time of the sworn statement given at the Sheriff's office, but the Justice refused to hear these witnesses. The direct appeal and the refusal to grant a new trial were heard together by the Maine Supreme Judicial

Court and the appeals were denied. 314 A.2d 830.

The Court, while observing that it would have been "preferable for the Justice to have heard the proffered testimony", 314 A.2d at 834, noted that the Justice had been aware of the first recantation, that the jury had accepted the witness' explanation of it, and that, while the witness claimed to have been "drinking quite heavy, too, at the time", he had not attributed his recantation to being drunk. The pertinent standard at the hearing was whether the new evidence, which was merely cumulative and impeaching, made it clear that a new trial would result in a different verdict. The Supreme Judicial Court held that it could not say that the hearing Justice was clearly wrong in reaching a negative answer.

■■ Even in reviewing denials of motions for new trials in federal courts, we recognize a wide degree of discretion on the part of the trial judge. It is a remedy which is "sparingly used". United States v. Zannino, 468 F.2d 1299 (1st Cir. 1972), quoting from United States v. Leach, 427 F.2d 1107, 1111 (1st Cir. 1970). While we have no doubt that jurisdiction exists to review state court denials of motions for new trial, see, e. g., Petition of Wright, 282 F.Supp. 999 (W.D.Ark.1968), success in habeas must necessarily rest on the presence of error of constitutional magnitude. In this case we agree with the Supreme Judicial Court that the preferable course, where the credibility of the state's key witness was being challenged, would have been to receive the evidence. But, having in mind the knowledge of both recantations on the part of the hearing Justice, the tangential nature of the proffered impeachment, and the discretion reposed in him, we cannot find constitutional error. Indeed, we find no substantial constitutional issue.

The request for a certificate of probable cause is denied.

---

* The Justice advised Doughty that he might be subject to a perjury charge if his testimony at the hearing conflicted with his prior sworn statement, and petitioner suggests that this was coercive. We find this allegation to be insubstantial.