COMMONWEALTH *vs.* JOSEPH SUBILOSKY. March 29, 1978. We discern no error in the denial of the defendant's motion for a new trial.[1] On the evidence the judge was not required to and did not find credible the testimony of the defendant or that of a codefendant who had pleaded guilty to the same murder prior to the defendant's conviction or the testimony of a friend of the defendant whose wife, since deceased, had given damaging testimony against the defendant at trial. The question of credibility was a preliminary matter for the judge, and his decision thereon is final. *Commonwealth* v. *Bernier,* 359 Mass. 13, 16 (1971). *Commonwealth* v. *Thompson,* 362 Mass. 382, 385 (1972). *Commonwealth* v. *Grace,* 370 Mass. 746, 751-753 (1976). *Commonwealth* v. *Fillippini,* 1 Mass. App. Ct. 606, 613 (1973). There was, as well, support for the judge's conclusion that the testimony offered by the defendant was not newly discovered and was available to him at the time of trial. *Commonwealth* v. *De Christoforo,* 360 Mass. 531, 542 (1971). *Commonwealth* v. *Grace, supra* at 751-752. Nor was any evidence introduced at the hearing on the motion which lent new support to the constitutional claim which has already been reviewed.

---

[1] His convictions of first degree murder and related offenses have been the subject of four prior appellate decisions. *Commonwealth* v. *Subilosky,* 352 Mass. 153 (1967). *Subilosky* v. *Massachusetts,* 412 F.2d 691 (1st Cir. 1969). *Subilosky* v. *Commonwealth,* 358 Mass. 390 (1970). *Subilosky* v. *Moore,* 443 F.2d 334 (1st Cir.), cert. denied, 404 U.S. 958 (1971).

See *Subilosky* v. *Commonwealth*, 358 Mass. 390 (1970); *Subilosky* v. *Moore*, 443 F.2d 334 (1st Cir.), cert. denied, 404 U.S. 958 (1971).

*Order denying motion for new trial affirmed.*

*Conrad W. Fisher* (*Andrew L. Mandell* with him) for the defendant.
*Daniel F. Toomey*, Assistant District Attorney, for the Commonwealth.