Frank **GRACE** and Ross M. Grace, Petitioners, Appellants,

v.

Fred **BUTTERWORTH**, Superintendent, Massachusetts Correctional Institution, Walpole, Respondent, Appellee.

No. 78–1251.

United States Court of Appeals, First Circuit.

Argued Oct. 3, 1978.

Decided Nov. 17, 1978.

---

Daniel F. Featherston, Jr., Boston, Mass., for petitioners, appellants.

Robert V. Greco, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., and Stephen R. Delinsky, Asst. Atty. Gen., Chief, Criminal Bureau, Boston, Mass., were on brief, for respondent, appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

This is a petition for habeas corpus brought by two brothers convicted after a jury trial of first and second degree murder, respectively, in the Massachusetts Superior Court. Following conviction, they moved for a new trial on the ground of newly discovered evidence. The trial court's denial of these motions was affirmed on appeal, *Commonwealth v. Grace* (1976), Mass., 352 N.E.2d 175, and *Commonwealth v. Grace* (1976), Mass., 352 N.E.2d 183. In a proceeding on which the state court record was stipulated, the district court denied the writs, and petitioners, hereinafter defendants, appeal.

Taking a leaf from defendants' book, and perhaps more adhering to it than, in their extensive brief, do they, we state first what is not involved. No error is alleged in the original trial; no collateral claim is made with respect to that trial, such as the use of perjured testimony, *compare, e. g., Mooney v. Holohan*, 1935, 294 U.S. 103, 112–13, 55 S.Ct. 340, 79 L.Ed. 791, state complicity in the unavailability of the new evidence, *compare, e. g., United States v. Morrison*, 3 Cir., 1976, 535 F.2d 223, or other improper police or prosecutorial conduct. Moreover, no complaint, except as to its findings, is made with respect to the district court proceedings. Defendants' basic claim is that the state courts' refusal to grant their motions for new trial in and of itself was so fundamentally unfair as to violate due process.

So far as this appeal is concerned, the motions were based upon the testimony, produced orally in the superior court, of four witnesses, who defendants assert were "classically unavailable" at the trial. The victim had been shot in a scuffle outside of

a bar at about 11:45 p. m., in front of fifteen to twenty people. As a result of information from the victim's cousin, one Baker, the police shortly arrested one of the defendants and the other, learning that the police were seeking him, surrendered the next morning. Defendants, and two others, were indicted; the latter two ultimately receiving directed acquittals. A fifth individual, Bowen, was charged, but probable cause was not found.

At the trial, Baker, and another, identified defendants. Defendants testified that they were not present at the scene, and produced some fifteen witnesses who placed them elsewhere. No one who had been present at the shooting testified for defendants. Defendants proffered on their motions for new trials four witnesses who testified that they had been present, and that defendants had not been. After the hearing, the superior court made findings, and concluded as follows:

"In so far as it is a question of the credibility of the proffered testimony of the above witnesses, I find that much of it is contradictory and that their proffered testimony is neither reliable nor credible.

"After a review of all the testimony contained in the transcript of the trial, I find that there is nothing in the 'newly discovered' evidence which would be anything more than cumulative, and I find that its absence at the trial did not in all likelihood make any difference in the jury's verdict. I am not convinced that justice either was not, or may not have been, done at the trial."

On appeal, the Massachusetts Supreme Judicial Court accepted, inter alia, the superior court's conclusion that much of the proffered evidence was "cumulative," *Commonwealth v. Grace*, 352 N.E.2d at 179, a finding upon which defendants concentrate their attack. Their complaint appears to be that eye-witness testimony and alibi testimony are so different in kind that they cannot be considered together, and that the Massachusetts courts' doing so was so egregious as to be of constitutional dimensions.

Defendants produced others, but the four alleged eye-witnesses on which they presently rely are Metts, Bowen, Arnum, and Gerald Ribeiro. Defendants knew, before trial, of what Metts would testify to. She absented herself voluntarily, for personal reasons, although defendants had requested her to be a witness. This was also the situation as to Bowen, who had already been dismissed from this affair, but who had other difficulties with the law. Arnum was a co-defendant, who refused to testify. Finally, although defendants constantly speak of four "new" eye-witnesses, Ribeiro was under summons, and available, and was not called, a decision of counsel which defendants, correctly, do not criticize.

To some degree, the extent of which we need not determine, there is a difference between when a state court may choose to grant a new trial in a case such as this where no state misconduct is present, and when a federal court, in a habeas proceeding, would feel obliged to require it to do so. There also appear to be differences between the circuits as to when the latter circumstances should arise. *Compare Anderson v. Maggio*, 5 Cir., 1977, 555 F.2d 447; *Luna v. Beto*, 5 Cir., 1968, 395 F.2d 35, *with United States ex rel. Sostre v. Festa*, 2 Cir., 1975, 513 F.2d 1313, *cert. denied*, 423 U.S. 841, 96 S.Ct. 72, 46 L.Ed.2d 60, and *Jones v. Commonwealth of Kentucky*, 6 Cir., 1938, 97 F.2d 335. Again, we need not definitely resolve the question. It may be assumed that a compelling claim for relief might be presented when newly available evidence conclusively shows that a vital mistake had been made. *Cf. Kelly v. Ragen*, 7 Cir., 1942, 129 F.2d 811, 813; *but see Luna v. Beto*, at 40 & n.1 (Brown, C. J., concurring). The present is in no way, however, such a conclusive case, but merely one that raises an issue of credibility.

Defendants seek to obscure this stark fact by meticulous dissection and criticism of the state court opinions, much of which criticisms, even on defendants' demanding standards, we could not accept. For example, defendants' repeated insistence that the state courts misconstrued the

nature of the proffered new evidence as cumulative only, and rejected their motions on that ground alone, is not supported by a close reading of the opinions. As the Supreme Judicial Court noted, the trial court found the evidence not only cumulative, but also "unreliable, contradictory and not credible." 352 N.E.2d at 178. In affirming the trial court, the Supreme Judicial Court based its opinion on other grounds as well. *See* 352 N.E.2d at 179. But even were we to accept defendants' claim that the state courts relied mainly on the view that the new evidence was cumulative, we could not accept their conclusion—that such a finding meant that the state courts found the new evidence "useless, and not contradicting of the state's case." Unquestionably it was contradictory, and there was no suggestion in the state court opinions that it was not. Moreover, the state court's inquiry was not whether the new evidence was useless, but whether it would probably have resulted in a different verdict, a high standard, on which the burden was on the defendants. *Cf. United States v. Street,* 1 Cir., 1977, 570 F.2d 1, 3–4.*

 While the federal courts have jurisdiction on a petition for habeas corpus to review state court denials of motions for a new trial, *Sawyer v. Mullaney,* 1 Cir., 1975, 510 F.2d 1220, 1221, we have continually recognized that the trial court possesses a "wide degree of discretion" and that the remedy is to be "sparingly used." *Id.* It was appropriate for the superior court judge to appraise the new testimony and consider the credibility of the witnesses. *United States v. Zannino,* 1 Cir., 1972, 468 F.2d 1299, 1303, *cert. denied,* 410 U.S. 954, 93 S.Ct. 1419, 35 L.Ed.2d 687. Having presided over the original trial, he was particularly qualified to weigh its probable effect. The court did so and found it to be insubstantial. Despite defendants' lengthy brief, we believe that this is basically a simple

case. Defendants have not established an abuse of discretion, let alone an "error of constitutional magnitude." *Sawyer v. Mullaney.* When, as here, defendants have received a full and fair factual review in the state courts, the federal courts, in habeas proceedings, will not engage in second guessing. 28 U.S.C. § 2254(d); *cf. Burks v. Engeler,* 6 Cir., 1975, 512 F.2d 221, 230, *cert. denied,* 423 U.S. 937, 96 S.Ct. 297, 46 L.Ed.2d 270.

*Affirmed.*

---

* Nor are we impressed with defendants' emphasis on a difference in kind between eye-witness and alibi testimony. There may, or may not, be a psychological difference between testimony of an eye-witness at the scene that defendants were not there, and a witness who testifies affirmatively to seeing them somewhere else, but which testimony has the greater weight must depend upon individual circumstances.