Joseph A. SUBILOSKY, Petitioner, Appellant,

v.

William CALLAHAN, Superintendent, Mci-Norfolk, Massachusetts, Respondent, Appellee.

No. 82-1005.

United States Court of Appeals, First Circuit.

Argued June 7, 1982.
Decided Sept. 24, 1982.

the right to receive such income and the amount thereof can be determined with reasonable accuracy.")

**8**

Sibley P. Reppert, Boston, Mass., with whom Peter M. Lauriat, and Herrick & Smith, Boston, Mass., were on brief, for petitioner, appellant.

Linda G. Katz, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Stephen R. Delinsky, Chief, Criminal Bureau, and Barbara A.H. Smith, Asst. Atty. Gen., Chief, Crim. Appellate Div., Boston, Mass., were on brief, for respondent, appellee.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, PETTINE,* Chief District Judge.

PETTINE, Chief District Judge.

Petitioner appeals from an order of the district court denying his petition for a writ of habeas corpus. Petitioner asserts that the district court applied an incorrect legal standard for reviewing his claims, and that it erroneously refused to grant his petition. We affirm.

Petitioner was convicted in Massachusetts State Court on 13 counts, including murder and armed robbery stemming from a bank robbery on August 27, 1965, and the resulting slaying of a bank teller. Three co-defendants pleaded guilty. Petitioner's defense consistently has been that only these three men were involved in the crime. Some witnesses testified that they saw only three men at the site of the crime; but other witnesses stated that they saw four men. Furthermore, a bank teller identified the petitioner as the person who shot the murder victim. The petitioner was convicted, and his conviction was upheld by the Massachusetts Supreme Judicial Court. *Commonwealth v. Subilosky*, 352 Mass. 153, 224 N.E.2d 197 (1967).

* Of the District of Rhode Island, sitting by desig-     nation.

Petitioner then began the process of seeking post-conviction remedies. His first line of attack focused on the admission at trial of four uncounselled prior convictions used to impeach his trial testimony.[1] Without having raised this claim in the state Supreme Judicial Court and without having raised it in any state post-conviction procedures, he filed a habeas petition in federal court. After we dismissed his habeas petition for failure to exhaust state remedies, *Subilosky v. Commonwealth,* 412 F.2d 691 (1st Cir. 1969), the petitioner presented his claim to the state courts. The state Supreme Judicial Court held that the admission of the convictions was harmless error. *Subilosky v. Commonwealth,* 358 Mass. 390, 265 N.E.2d 80 (1970). The defendant then renewed his petition for a writ of habeas corpus and the district court agreed that the error was harmless. We affirmed, finding that the weight of the evidence of guilt was not affected by the insignificant addition of the uncounselled convictions, particularly when the petitioner had already testified that he had spent most of his life in prison. *Subilosky v. Moore,* 443 F.2d 334 (1st Cir. 1971).

Obviously unsatisfied with this result, petitioner filed a motion for a new trial in state court. The petitioner asserted that the motion should be granted because newly discovered evidence showed that he was innocent. The petitioner submitted four affidavits in support of his motion. The motion judge heard petitioner testify that he did not participate in the robbery. The judge then ruled that he would not accept the affidavits as evidence, but granted a three week continuance so that the petitioner could present live testimony from the affiants. Two of the affiants, including one of the petitioner's accomplices, testified at the hearing. The judge found that the evidence was neither newly discovered nor credible, and denied the motion for a new trial. This denial was affirmed on appeal. *Commonwealth v. Subilosky,* 6 Mass.App. 860, 374 N.E.2d 334, *cert. denied,* 439 U.S. 1050, 99 S.Ct. 729, 58 L.Ed.2d 710 (1978). The district court rejected essentially the same arguments in denying habeas corpus, which is the ruling we review.

We start, as did the district court, by noting that federal habeas relief is available only to review constitutional error. *Salemme v. Ristaino,* 587 F.2d 81, 87 (1st Cir. 1978). *See* 28 U.S.C. § 2254(a). Denial of a motion for a new trial based on newly discovered evidence may only be reviewed on habeas for "the presence of error of constitutional magnitude." *Sawyer v. Mullaney,* 510 F.2d 1220, 1221 (1st Cir. 1975). The district judge has a "wide degree of discretion" in ruling on the motion, and habeas will be "sparingly used." *Id.* Accord, *Grace v. Butterworth,* 586 F.2d 878, 881 (1st Cir. 1978). In *Grace* we said that "where defendants have received a full and fair factual review in the state courts, the federal courts, in habeas proceedings, will not engage in second guessing." *Id.*[2]

1. In *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the Supreme Court held that the use of a conviction resulting from a trial at which a defendant was unrepresented for impeachment purposes was unconstitutional.

2. Petitioner urges us to apply a stricter standard in this case. He argues that the introduction of his uncounselled convictions so infected the fairness of his trial that all reviews of his conviction must account for this constitutional error. Thus petitioner argues that we hypothesize a trial at which his allegedly newly discovered evidence was introduced. According to petitioner, we should then determine whether the admission of the uncounselled conviction was harmless in the context of this hypothetical trial.

We reject petitioner's creative argument. The harmless constitutional error doctrine only requires "the beneficiary of a constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). We have already held that the introduction of the uncounselled convictions did not contribute to the verdict. *Subilosky v. Moore,* 443 F.2d 334 (1st Cir. 1971). Petitioner's newly discovered evidence does not affect that holding, and we decline to reexamine it here.

We note that petitioner does not argue that the motion judge relied on the probative weight of the uncounselled convictions in denying the motion for a new trial. Such a contention would pose a different problem for us. We can imagine a situation in which constitutional er-

■ Applying these principles to the particular facts of this case, we conclude that the motion judge did not commit an error of constitutional magnitude by denying the motion for a new trial. All affiants were known to the petitioner at the time of the trial, and were available as witnesses. The evidence consists of blanket denials of guilt together with impeachment of statements made at trial by, among others, petitioner and a now deceased witness. The motion judge ruled that this evidence was neither newly discovered nor credible. We not only fail to find constitutional error but we fail to detect any error whatsoever.

■ The petitioner also claims that the motion court violated his right to due process by failing to accept the affidavits into evidence. We have recently held that "[t]he writ of habeas corpus ordinarily will not lie solely to correct alleged errors in evidentiary rulings." *Allen v. Snow,* 635 F.2d 12, 15 (1st Cir. 1980), *cert. denied,* 451 U.S. 910, 101 S.Ct. 1981, 68 L.Ed.2d 299 (1981). We continued, "[t]o rise to constitutional magnitude, such an error must 'so infuse the trial with inflammatory prejudice as to render a fair trial impossible.'" *Id.* (quoting *Salemme v. Ristaino,* 587 F.2d at 86). There surely was no constitutional error here. Petitioner was given three weeks to present live testimony to the court. Two of his affiants did not testify, and we are not informed of the reason for their absence. The court's preference for live testimony is understandable and in the absence of any explanation for failure to obtain live testimony we reject petitioner's argument.

■ Petitioner's final argument is that he was denied due process by the state court's refusal to grant him a new trial. He alleges that his continued confinement, based on insufficient and unreliable evidence, violates the Constitution. We have already found that the evidence against petitioner was "impressive." *Subilosky v. Moore,* 443 F.2d at 336. The evidence presented to the state trial judge does not alter our view of the evidence. We find no denial of due process.

Affirmed.

---

ror is found to be harmless because the evidence adduced at trial, particularly the testimony of one witness, overwhelmingly demonstrated the defendant's guilt; the defendant then brings a motion for a new trial based upon newly discovered evidence which proves that the witness was lying. In those circumstances, we think it might be improper for the motion judge to hold that the newly discovered evidence "would probably [not] have resulted in a different verdict," *Grace v. Butterworth,* 586 F.2d at 881, on the ground that the jury would have remained convinced of the defendant's guilt because of the erroneously admitted evidence. We are not faced with that situation here because the motion judge did not rely on the weight of the uncounselled convictions in denying the motion for a new trial.