Jean LAMARTINE, Petitioner,

v.

Kelly RYAN, Respondent.

CIVIL ACTION NO. 15-13052-WGY

United States District Court,
D. Massachusetts.

Signed October 19, 2016

Jean Lamartine, Shirley, MA, pro se.

Eva M. Badway, Attorney General's Office, Boston, MA, for Respondent.

## MEMORANDUM & ORDER

YOUNG, D. J.

### I. INTRODUCTION

Jean Lamartine ("Lamartine") filed the instant petition for a writ of habeas corpus challenging his conviction on three counts of rape of a child and one count of contributing to the delinquency of a child. The Respondent, Kelly Ryan ("Respondent"), is the superintendent of Massachusetts Correctional Institution-Shirley, the facility where Lamartine is currently confined. In his petition and accompanying memorandum, Lamartine seeks post-conviction relief on the basis of ineffective assistance of counsel, newly discovered evi-

dence, and improper admission of hearsay evidence in violation of his Sixth Amendment rights.[1] The Respondent chiefly contends that Lamartine's petition suffers from a number of fatal procedural flaws, and accordingly ought be denied.

## A. Trial and Conviction

Lamartine was indicted by a Middlesex County grand jury on March 18, 2008. Suppl. Answer 00003.[2] Lamartine entered a plea of not guilty. Id. After Lamartine stood trial, a jury found him guilty of three counts of rape of a child with force, Mass. Gen. Laws ch. 265, § 22A, and one count of contributing to the delinquency of a child, Mass. Gen. Laws ch. 119, § 63, on June 19, 2009. Suppl. Answer 00006, 00058-61. Justice Sandra Hamlin sentenced Lamartine to two concurrent terms of twelve to fifteen years in state prison, one year in a house of correction (also to run concurrently), and ten years of probation. Id. at 00006-07.

## B. Direct Appeal

Lamartine filed a notice of appeal on June 21, 2009. Id. at 00062. In his appeal, Lamartine purported to identify three errors. See id. at 00070. First, he argued that the trial court refused to allow him a full opportunity to cross-examine the complaining witness, in violation of his Sixth Amendment rights. Id. at 00103-10. Second, he argued that the court erred in allowing an "irrelevant and highly prejudicial" photograph to be admitted in evidence. Id. at 00110-14. Third, he claimed that the court wrongly allowed the testimony of a substitute first complaint witness. Id. at 00114-00121.

The Massachusetts Appeals Court rejected these arguments and affirmed Lamartine's convictions in a Memorandum and Order issued on May 13, 2011. Id. at 00207-08; 79 Mass.App.Ct. 1117, 2011 WL 1813970 (2011). Lamartine then sought further review of these issues in the Supreme Judicial Court, which denied his application. Suppl. Answer 00209.

## C. Post-Conviction Motions

Lamartine has twice moved for a new trial. See id. at 00272-73. His first motion raised three issues. See id. at 00272. The first two issues were identical to those that were raised in his direct appeal. Id. The third issue was that there was insufficient evidence to support his conviction, which the Middlesex County Superior Court ruled he had waived by failing to raise on direct appeal. Id. The trial court found no error and denied the first new trial motion on February 26, 2013. Id. at 00273.

Lamartine then filed a second motion for new trial based on ineffective assistance of counsel and newly discovered evidence. Id. The ineffective assistance claim was based on his lawyer's failure to depose the mother of his victim's friend, whom Lamartine claimed was the first-complaint witness. Id. The newly discovered evidence claim was also based on the absence of this deposition. See id. at 00274. The Middlesex County Superior Court rejected both of these arguments and denied the second new trial motion on September 4, 2014. Id.

---

1. Although Lamartine frames his third claim in due process terms, the asserted violation is actually that of the right to confront and cross-examine witnesses provided by the Sixth Amendment and incorporated by the Fourteenth Amendment to apply in state courts. Crawford v. Washington, 541 U.S. 36, 53, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

2. The record was filed in paper copy with the Court, see Notice Manual Filing, ECF No. 14, as the Respondent's Supplemental Answer. Accordingly, citations to documents pertaining to these proceedings will refer to the continuous pagination contained in that filing and will not include an ECF number.

at 00276. Specifically, it ruled that Lamartine's "asserting of error is nothing more than a meritless variation to claims he has twice asserted unsuccessfully[,]" i.e., on direct appeal and on his first new trial motion. Id. at 00273-74. The trial court observed that Lamartine knew of the so-called newly discovered evidence even before trial, that the undeposed witness had no "relevant and material" evidence, and that Lamartine's trial counsel was not ineffective for failing to depose her. Id. at 00274-75. Lamartine appealed, and the Massachusetts Appeals Court affirmed the denial of his second new trial motion on February 24, 2015. Id. at 00317; 87 Mass. App. Ct. 1107, 2015 WL 751937 (2015). He again filed an application for further appellate review, which was denied. Suppl. Answer 00318.

On July 30, 2015, Lamartine filed a petition for a writ of habeas corpus in this Court. Pet. Under 28 U.S.C. § 2254 Writ Habeas Corpus By Person In State Custody ("Pet."), ECF No. 1. The Respondent filed her answer on November 19, 2015. Answer, ECF No. 13. The parties have since filed memoranda supporting their positions. Mem. Law Points Law Supp. Appl. Writ Habeas Corpus ("Pet'r's Mem."), ECF No. 17; Resp't's Mem. Law Opp'n Pet. Writ Habeas Corpus ("Resp't's Mem."), ECF No. 18.

## II. ANALYSIS

### A. Legal Standard

This Court reviews habeas petitions seeking relief from state court convictions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996), which provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) ("Section 2254(d)").

For the purpose of Section 2254(d)(1), "[a] state court decision is contrary to clearly established federal law if it contradicts the governing law set forth in the Supreme Court's cases or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court but reaches a different result." Companonio v. O'Brien, 672 F.3d 101, 109 (1st Cir. 2012) (internal quotation marks and citation omitted). Further, a decision is an unreasonable application of clearly established law "if it applies Supreme Court precedent to the facts of the case in an objectively unreasonable manner, such as reaching a result that is devoid of record support for its conclusion." Id. (internal quotation marks and citations omitted). An unreasonable factual determination under Section 2254(d)(2) is one that is "objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller–El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

As the text of AEDPA makes clear, a deferential standard governs the Court's review of claims adjudicated on the merits in state court. See, e.g., Pike v. Guarino, 492 F.3d 61, 67 (1st Cir. 2007). "If the federal claim was never addressed by the state court, federal review is de novo." Id. (citation omitted). A state court need

not issue an opinion explaining its reasoning in order for its decision to constitute an adjudication on the merits under Section 2254(d). Harrington v. Richter, 562 U.S. 86, 98, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). Moreover, federal habeas review is precluded when the lack of state court adjudication on the merits is due to the petitioner's procedural default, i.e., "the petitioner's failure to comply with state procedural requirements[.]" Rosenthal v. O'Brien, 713 F.3d 676, 683 (1st Cir. 2015). Such procedural default "provid[es] an adequate and independent state-law ground for denying relief[,]" id. and thus habeas review is precluded unless the petitioner "demonstrate[s] cause for any state-court procedural default of federal claims, and prejudice therefrom," Costa v. Hall, 673 F.3d 16, 23 (1st Cir. 2012).

## B. Grounds for Relief

Lamartine raises two grounds for relief in the instant petition: (1) ineffective assistance of counsel, Pet. 6; and (2) newly discovered evidence, id. at 8. Additionally, in his memorandum, Lamartine argues that he is entitled to a writ of habeas corpus (or a new trial) because the trial judge allowed the prosecution to introduce hearsay evidence, violating his rights under the Confrontation Clause of the Sixth Amendment. See Pet'r's Mem. 1. The Respondent argues that: (1) Lamartine waived the hearsay claim by failing to raise it in his habeas petition, Resp't's Mem. 4-6; (2) Lamartine waived the two grounds asserted in his petition by failing to develop them in his memorandum, id. at 6–7; and (3) Lamartine's ineffective assistance of counsel claim is barred by the adequate and independent state ground doctrine, id. at 7–9. The Court discusses each of Lamartine's grounds for relief in turn, addressing the Respondent's arguments as they relate to each of those grounds.

## 1. Ineffective Assistance of Counsel

■ Lamartine's first ground for habeas relief is that his counsel was ineffective. Pet. 6. As support for this, he states that his "[d]efense counsel failed to investigate and get statements from witnesses before they fled the country." Id. The Respondent contends that Lamartine waived this ground for relief by failing to develop it in his memorandum, Resp't's Mem. 6-7, and alternatively, that this ground is procedurally defaulted, id. at 7–9.

■ A petitioner's failure to explain the rationale and support for his entitlement to habeas on a particular ground in his memorandum can result in waiver of that claim. See, e.g., Powell v. Tompkins, 783 F.3d 332, 349 (1st Cir. 2015); Garcia v. Russo, 844 F.Supp.2d 187, 189 (D. Mass. 2011) (Gorton, J.); Herbert v. Dickhaut, No. 06–10036–NG, 2011 WL 3021770, at *14 (D. Mass. July 21, 2011) (Gertner, J.). Here, Lamartine makes no explicit mention of his ineffective assistance of counsel claim in his memorandum. Although the argument briefed in his memorandum is tangentially related to the alleged error on the part of his trial counsel—both relate to the testimony of a particular a witness—it would be a stretch to say that Lamartine's argument supports his ineffective assistance of counsel claim. See infra. Because Lamartine has failed to adduce any support for his ineffective assistance of counsel claim in his memorandum, this claim is waived.

■ Moreover, even were the ineffective assistance of counsel claim not waived for the reasons discussed above, review of that claim on the merits would be inappropriate because, as the Appeals Court held, Lamartine "waived his [ineffective assistance of counsel] claim by failing to raise it in his direct appeal or as part of his first motion for a new trial." Suppl. Answer

00327. Such procedural default constitutes an independent and adequate state law ground for the state court's decision, and Lamartine has made no attempt to show cause and prejudice for the default. See Costa 673 F.3d at 23. Accordingly, federal review of this claim is precluded. See id.

## 2. Newly Discovered Evidence

Lamartine next seeks habeas relief on the basis of newly discovered evidence, stating:

> I became aware that counsel was ineffective, and failed to obtain statements in the form of deposition from witnesses that fled the country. These statements were exculpatory and were the basis of a false prosecution and the witnesses are foreigners and fled the country to avoid being called to testify.

Pet. 8. The Respondent's memorandum merely notes that it "appears to be no more than a variation on [Lamartine's] ineffective-assistance claim." Resp't's Mem. 7. As with his ineffective assistance of counsel claim, Lamartine fails to brief the newly discovered evidence claim in his memorandum,[3] and therefore the claim is waived. See supra.

---

**3.** Indeed, it is not clear what evidence he claims is new, and how that affects his circumstances. The statement supporting this claim in his petition is largely duplicative of his ineffective assistance of counsel claim (i.e., he effectively claims that he "discovered" that his counsel was ineffective). Insofar as it presents a different ground for relief based on evidence of actual innocence, he is not entitled to habeas on this ground. See Herrera v. Collins, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); see also Subilosky v. Callahan, 689 F.2d 7, 9 (1st Cir. 1982) ("Denial of a motion for a new trial based on newly discovered

## 3. Admission of Hearsay Evidence

■ Besides the two grounds for relief set forth in his petition, Lamartine argues in his memorandum that the state trial court impermissibly admitted hearsay evidence, in violation of Lamartine's rights under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). See Pet'r's Mem. 1-4. The Respondent argues that this claim is improper, as it is not included in Lamartine's habeas petition. Resp't's Mem. 4-6.

■ Under 28 U.S.C. § 2242, a petition for habeas must "specify all the grounds for relief which are available to the petitioner[.]" Smiley v. Maloney, No. Civ.A. 01–11648–GAO, 2003 WL 23327540, at *16 n.39 (D. Mass. Oct. 31, 2003) (O'Toole, J.) (quoting Rule 2(c) of the Rules Governing Section 2254 Cases); see also Logan v. Gelb, 790 F.3d 65, 70 (1st Cir. 2015) (concluding that petitioner waived ground for relief that he omitted from his habeas petition). Here, Lamartine's petition makes no mention of a due process or Sixth Amendment claim, which is raised for the first time in Lamartine's memorandum, and thus this claim is waived.[4]

---

evidence may only be reviewed on habeas for the presence of error of constitutional magnitude.") (internal quotation marks and citation omitted).

**4.** The Court declines to find that this claim is sufficiently related to his ineffective assistance of counsel claim to avoid waiver, since this connection is far from clear in Lamartine's memorandum. In Logan, for example, the First Circuit concluded that a petitioner's ineffective assistance of counsel claim "d[id] not save his waived and unexhausted due process claim" premised on the admission of hearsay evidence, even though his ineffective assistance of counsel claim was based on the admission of such hearsay evidence. 790 F.3d at 70 ("[W]e understand Logan to be raising an independent claim that his counsel was ineffective for failing to object to [the testimo-

## III. CONCLUSION

For the foregoing reasons, Lamartine's petition, ECF No. 1, is DENIED.

**SO ORDERED.**

ny at issue] on hearsay grounds[.]'' Here, the connection between Lamartine's ineffective assistance claim—which is based on counsel's failure to ''investigate and get statements from witnesses[,]'' Pet. 6—is even more remote. Further, the outcome is unchanged regardless since, as discussed supra, Lamartine procedurally defaulted his ineffective assistance of counsel claim.